IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORGAN ALLEN ARMSTRONG,
    Plaintiff,

vs.                                    Case No.:  3:17cv39/MCR/EMT

SECRETARY DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), commenced this case by filing a civil rights complaint on January 13, 2017 (ECF No. 1).  Plaintiff sued the Secretary of the FDOC, the Warden of Okaloosa Correctional Institution, and the Library Service Administrator at Okaloosa C.I. (*id.* at 1–2). Plaintiff claimed that Defendants violated his First, Fifth, and Fourteenth Amendment rights by removing several volumes of state and federal reporters (namely, several volumes of the Supreme Court Reporter, Federal Reporter, and Southern Reporter) from the shelves of the institutional law library (*id.* at 1–7).  Plaintiff alleged prison officials stated that the reason for removing the books was to reduce shelving in the library in an effort to fulfill the purposes of the Prison Rape Elimination Act, because institutional cameras could not view activity between the large shelves required to

store the books (*id.* at 2–3). Plaintiff alleged prison officials further justified removal of the reporters on the ground that the cases reported in the volumes were available online on three computers in the law library (*id.* at 3). Plaintiff argued that removal of the books resulted in a dramatic limitation of his access to the cases reported in them, because access to the computers is much more limited than access to the books (*id.* at 3–7). He sought injunctive relief, specifically, an order directing Defendants to replace the books in the library (*id.* at 7–8). Plaintiff acknowledged that he was still in the process of exhausting his administrative remedies when he commenced his civil rights case (*id.* at 3).

On January 23, 2017, ten days after Plaintiff commenced this case, Plaintiff filed a motion stating, "Plaintiff filed this action on 1-13-17. Plaintiff humbly moves to withdraw/voluntarily have this Honorable Court dismiss this action." (ECF No. 6). Pursuant to 41(a)(1)(A)(i), the court dismissed this case on January 26, 2017, and directed the clerk of court to close the file (ECF No. 7).

Now, a month later, Plaintiff has filed a "Motion to Reinstate," "Motion to Accept Amended Complaint as Timely Filed," and First Amended Complaint (ECF Nos. 8, 9, 10). As grounds for the "Motion to Reinstate," Plaintiff states the following:

> The plaintiff moves to . . . proceed with this action as it is a [sic] important issue and a violation of my U.S. constitutional rights of access to the courts.

(ECF No. 8).

Rule 60 provides a party with an avenue to seek relief "from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). Courts have wrestled with whether a voluntary dismissal is a final judgment, but have permitted a case to be reopened under Rule 60(b) after the filing of a voluntary dismissal. *See* Olmstead v. Humana, Inc., 154 F. App'x 800 (11th Cir. 2005) (per curiam); *see also* Nelson v. Napolitano, 657 F.3d 586, 588–89 (7th Cir. 2011) (noting there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action); Warfield v. Allied Signal TBS Holdings, Inc., 267 F.3d 538, 542 (6th Cir. 2001) (noting Rule 60(b) gives the courts discretion to set aside a voluntary dismissal with prejudice if the dismissal was not a free, calculated, and deliberate choice); Randall v. Merrill Lynch, 820 F.2d 1317, 1321 (D.C. Cir. 1987) (concluding, in a case where the plaintiff had voluntarily dismissed the defendant for the second time under Rule 41(a)(1)(i), which is deemed by the Rule to be a dismissal with prejudice, that the trial court did not abuse its discretion in vacating the second dismissal pursuant to Rule 60(b)(6)); Rismed Oncology Sys., Inc. v. Baron, 297 F.R.D. 637, 655 (N.D.

Ala. 2014), *aff'd*, No. 14–15567, 2015 WL 4385669 (11th Cir. July 17, 2015) (concluding that a Rule 41(a)(1)(A) voluntary dismissal by a plaintiff constitutes a "final order, judgment, or proceeding" for purposes of Rule 60(b)).

Regardless of whether an order accepting a notice of voluntary dismissal is a "final judgment" under Rule 60(b), it is an "order." It is thus appropriate to consider whether Plaintiff may be relieved of the order dismissing and closing this case on his notice of voluntary dismissal. *See, e.g.*, McCarthy v. Consulate Health Care, No. 4:13cv132/WS/CAS, 2016 WL 1729604, at *2 (N.D. Fla. Mar. 29, 2016), *Report and Recommendation Adopted by* 2016 WL 1732743 (N.D. Fla. Apr. 28, 2016) (unpublished); Delgrego v. Taylor, No. 4:11cv180/RH/WCS, 2012 WL 1365971 (N.D. Fla. Apr. 19, 2012) (assuming that after a voluntary dismissal under Rule 41(a)(1)(A)(i), a case may be reopened under Rule 60(b), and concluding that plaintiff failed to meet the requirements of Rule 60(b)) (unpublished).

To be granted relief, Plaintiff must make an adequate showing under Rule 60(b). The relevant provisions of the Rule provide that the court may grant relief for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justified relief." Fed. R. Civ. P. 60(b)(1), (6).

Courts have held that Rule 60(b) does not provide a party relief from a tactical litigation decision which, in hindsight, has been determined to be a mistake. *See* Waddell v. Hendry Cty. Sheriff's Office, 329 F.3d 1300, 1310 (11th Cir. 2003) (concluding that it was plaintiffs' "tactical decisions" that prevented plaintiffs from fully presenting their case); *see also* Am. Lifeguard Assoc., Inc. v. Am. Red Cross, 21 F.3d 421 (Table), 1994 WL 144321, at *2 (4th Cir. Apr. 22, 1994) ("[T]he most salient example of behavior that cannot constitute grounds for Rule 60(b) relief is the purposeful litigation decision of a party."); Eskridge v. Cook Cnty., 577 F.3d 806, 810 (7th Cir. 2009) (where the choice to dismiss the federal lawsuit and proceed in state court was deliberate, the incorrect assessment of the consequences did not compel relief under Rule 60(b)); Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 274 (3d Cir. 2002) ("Courts have not looked favorably on the entreaties of parties trying to escape the consequences of their own counseled and knowledgeable decisions.") (internal quotation marks and citation omitted); *see also, e.g.,* McCarthy, 2016 WL 1729604, at *2 ("Having elected to voluntarily dismiss his claims against defendants in this action, plaintiff cannot 'unring' that bell simply because he has changed his mind.") (internal quotation marks and citation omitted).

Here, Plaintiff made a strategic decision to dismiss this case, but it was not based on a mistake of law or a judge's application of the law.  *Cf.* Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 839–40 (11th Cir. 1982) (noting Rule 60(b)(1) authorizes correcting mistakes in the application of law).  Thus, because Plaintiff has not demonstrated a basis for reopening this case beyond undoing his tactical decision, relief should be denied under Rule 60(b)(1).

Indeed, as this district court noted in Delgrego:

> The task of managing the district's substantial volume of prisoner cases is difficult enough without allowing a prisoner to abandon and then reinstate a claim for no reason other than a change of mind.  A prisoner in this situation can file a new lawsuit, if indeed there is a basis for doing so.

2012 WL 1365971, at *1.

Additionally, there is no basis to justify relief under Rule 60(b)(6), the "catchall provision."  Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).  "This remedy, however, is intended 'only for extraordinary circumstances.'" Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000).  To obtain relief under Rule 60(b)(6), a party "must demonstrate a justification so compelling that the [district] court was required to vacate its order." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349,

1355 (11th Cir. 2014) (internal quotation marks and citation omitted).  Plaintiff has not made that showing in this case.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion to Reinstate" and "Motion to Accept Amended Complaint as Timely Filed" (ECF Nos. 8, 9) be **DENIED**, and that Plaintiff's First Amended Complaint (ECF No. 10) **SHALL NOT TAKE EFFECT**.

At Pensacola, Florida, this 1st day of March 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**